UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| State of South Carolina,                                   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Civil Action No. 2:25-cv-13672-BHH |
| v.                    ) | |
| ) | **Order** |
| Burnett Trione Shackleford,                        ) | |
| ) | |
| Defendant.   ) | |
| _____   ) | |

This matter is before the Court upon a notice of removal filed by *pro se* Defendant Burnett Trione Shackleford purporting to remove Criminal Case No. 2025A2210800130 from the Georgetown County Court of General Sessions.[1] (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial proceedings.

On December 5, 2025, Magistrate Judge Baker issued a Report and Recommendation ("Report"), recommending that this action be remanded to the appropriate state court for lack of subject matter jurisdiction and that Defendant's motion for leave to proceed *in forma pauperis* be dismissed. (ECF No. 5.) The Report finds that Defendant failed to satisfy the procedural requirements of 28 U.S.C. § 1455 and failed to present allegations to justify an exception to the general rule prohibiting removal of a state

---

[1] The undersigned takes judicial notice of the records filed in Defendant Shackleford's underlying criminal proceedings before the Georgetown County Court of General Sessions. *See* Public Index, https://www.sccourts.org/casesearch/ (limiting search to Georgetown County, Case No. 2025A2210800130) (last visited May 6, 2026); *see also Aloe Creme Labs., Inc. v. Francine Co*., 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may take judicial notice of factual information located in postings on government web sites).

court criminal proceeding, specifically allegations to support removal pursuant to § 1443(1). (*Id.*) Further, the Report notes that, to the extent Defendant is attempting to assert a civil counterclaim or defense under 42 U.S.C. § 1983 as a basis for removal, he may not do so. (*Id.* at 4 n.2); *see South Carolina v. Poinsette*, No. 2:24-cv-3991-BHH-MHC, 2024 WL 4958188, at *3 (D.S.C. Oct. 10, 2024), *adopted,* 2024 WL 4957725 (D.S.C. Dec. 3, 2024) (noting that defendant could not bring a civil counterclaim or defense under § 1983 as part of his criminal case).

On December 17, 2025, Defendant filed objections to the Report. (ECF No. 8.)

### **Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

2

**Discussion**

Defendant's first objection is that the Report "elevates form over substance," but "jurisdiction cannot be defeated by procedural formalities where federal rights are substantively implicated." (ECF No. 8 at 1.) While the Report properly noted the procedural defects in removal warranting remand, the Report nevertheless examined whether Defendant has established the Court's jurisdiction over this matter. (ECF No. 5 at 2-4.) Thus, after *de novo* review, the Court finds no merit to this objection.

Defendant also asserts that removal was proper under § 1443(1), and he contends that the Magistrate Judge limited the scope of this statute. (ECF No. 8 at 2.) Under 28 U.S.C. § 1443, the statute on which Defendant bases his removal, Defendant must show that he relies upon a law providing for equal civil rights stated in terms of racial equality, and that he is denied or cannot enforce that right in state court. *See* 28 U.S.C. § 1443(1); *Georgia v. Rachel*, 384 U.S. 780, 800 (1966) ("Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts. A state statute authorizing the denial affords an ample basis for such a prediction."). Removal might also be justified, even in the absence of such a law, if an "equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Georgia*, 384 U.S. at 804.

After *de novo* review, the Court finds that Defendant has not met the stringent requirements of 28 U.S.C. § 1443. Defendant's notice of removal does not assert that a right to racial equality has been violated. (*See* ECF No. 1.) Therefore, Defendant cannot remove the state court action under this statute. Further, the Court finds that Defendant's

3

citation to *Johnson v. Mississippi*, 421 U.S. 213 (1975), is of no avail. (*See* ECF No. 8 at 2.) That case explained that "a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test." *Johnson*, 421 U.S. at 219. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia*, 384 U.S. at 792). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting 28 U.S.C. § 1443). As described above, Defendant does not meet these requirements.

While Defendant complains of certain due process violations and objects to the Report's finding that such violations can be addressed through the state proceedings, (*see* ECF No. 8 at 2), the Court agrees with the Magistrate Judge and finds that such claims are capable of being raised and resolved in the context of the pending state proceeding. Thus, the Court overrules Defendant's objection on this ground.

Defendant also contends that the Magistrate Judge "erred by treated Defendant's assertion of national status and political standing as irrelevant to federal jurisdiction." (ECF No. 8 at 2.) However, such arguments have been consistently rejected by federal courts and, thus, the Court finds Defendant's argument lacks merit. *See e.g. Maryland v. Ghazi-El*, CR RDB-16-0207, 2016 WL 2736183, at *2 (D. Md. May 11, 2016) (noting that "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a court's jurisdiction in criminal prosecutions. Contrary to Defendant's assertions, his purported status as a Moorish-American citizen does not enable him to violate state laws without consequence. Therefore, the argument that a person is entitled to ignore . . . [state

laws] ... by claiming membership in the Moorish-American nation is without merit.") (citations, punctuation and quotations omitted); *South Carolina v. Ali*, No. 12-2629, 2012 WL 6765732, at *1 (D.S.C. Dec. 4, 2012) (collecting cases and holding "the defendant's purported ground for removal based on the premise that he should not be prosecuted for a violation of the law of the State of South Carolina because he is an Aboriginal Indigenous Moorish-American is frivolous on its face."), *R&R adopted*, No. 12-2629, 2013 WL 57715 (D.S.C. Jan. 4, 2013).

Lastly, Defendant contends that the Magistrate Judge erred in recommending remand without first holding an "evidentiary hearing or full briefing on jurisdiction." (ECF No. at 2.) The Court disagrees. While the Magistrate Judge has authority to conduct hearings, including evidentiary hearings, a hearing is not necessary when it is evident from the record that the Court lacks any form of subject matter jurisdiction. *See* 28 U.S.C. § 636(b). Indeed, this Court's *de novo* review of the record reveals no factual disputes as to jurisdiction. Thus, the Court overrules this objection.

In sum, for the reasons set forth above and as explained by the Magistrate Judge in her Report, the Court lacks subject matter jurisdiction over this case and must remand it to state court.

## Conclusion

Based on the foregoing, the Court **adopts and specifically incorporates herein** the Magistrate Judge's Report (ECF No. 5); **overrules** Plaintiff's objections (ECF No. 8); and **remands** this action to the Georgetown County Court of General Sessions. The Court also **dismisses** Defendant's motion for leave to proceed *in forma pauperis*. (ECF No. 2.)

**IT IS SO ORDERED.**

5

/s/ *Bruce Howe Hendricks*
United States District Judge

May 6, 2026
Charleston, South Carolina